**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| RANDALL DICKENSHIED, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:11-CV-98-RWS |
| COMBAT TRAINING SOLUTIONS, | : | |
| INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This case comes before the Court on Defendants' Motion to Dismiss [13],

Defendants' Motion to Dismiss the Amended Complaint [24], and for a frivolity

review under 28 U.S.C. § 1915(e)(2)(B) [3]. After a review of the record, the

Court enters the following order.

On April 21, 2011, Plaintiffs filed suit against the Defendants and filed

an application for leave to proceed *in forma pauperis*. Dkt. No. [1]. Magistrate

Judge Susan S. Cole granted the application but referred the matter for a

frivolity review. Dkt. No. [2].

In their original complaint, Plaintiffs plead that Randall Dickenshied

worked for Defendant Combat Training Solutions ("CTS") "until his

AO 72A
(Rev.8/82)

employment was terminated in May of 2009" and that this May 2009

termination was a "qualifying event" which triggered the Defendants'

obligation to provide the Plaintiffs with their health-insurance-benefit

continuation notice. Cmpl., Dkt. No. [3] at ¶¶ 8-10. Before this Court could rule

on the frivolity matter, the Defendants appeared and filed a motion to dismiss,

asserting that Plaintiffs' claims were time-barred by the one-year statute of

limitations on Consolidated Omnibus Reconciliation Act ("COBRA")

improper-notice claims. Dkt. No. [13-1] at 2; see Cummings v. Washington

Mut., 650 F.3d 1386, 1391 (11th Cir. 2011) ("A one-year limitations period

applies to COBRA improper-notice claims.").

    In response to the Motion to Dismiss, the Plaintiffs then filed an

Amended Complaint as a matter of course, removing all evidence of the "May

2009" termination and instead pleading that the qualifying event occurred when

Plaintiff Randall Dickenshied resigned following his worker's compensation

settlement on June 17, 2010. Am. Cmpl., Dkt. No. [16] at ¶ 11. This Amended

Complaint rendered the Defendants' initial Motion to Dismiss [13] **MOOT**.

Defendants then filed a Motion to Dismiss the Amended Complaint which

argues that Plaintiffs are attempting to commit a fraud on the court by

2

repleading to avoid the statute of limitations. Defendants also attached an e-mail

sent by Plaintiffs' counsel in August 2009 in which Plaintiffs' counsel asks for

COBRA notice and advises the Defendants of penalties for not providing it.

Dkt. No. [24-2] at 2.  Defendants argue that this email confirms that, at least by

August 2009, Plaintiffs had constructive notice of their COBRA improper-

notice claims.

The Court has grave reservations about the Plaintiffs' pleading conduct in

this matter. However, under the Amended Complaint, Plaintiffs' claims are not

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). On the face of the Amended

Complaint, Plaintiffs have plead that Plaintiff Dickenshied's qualifying event

was his resignation in June 2010, making his suit proper in April 2011. See

Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("A claim is frivolous when it

appears from the face of the complaint that the factual allegations are "clearly

baseless" or that the legal theories are "indisputably meritless."). Therefore,

Plaintiffs' claims are **ALLOWED TO PROCEED**.

However, Plaintiffs' counsel has clear obligations under Rule 11 not to

present to the Court any pleading "for any improper purpose, such as to harass,

cause unnecessary delay, or needlessly increase the cost of litigation."  By

3

presenting a pleading, counsel is certifying that "the factual contentions have

evidentiary support . . . ." FED. R. CIV. P. 11. In light of the factual allegations in

the original complaint and Plaintiffs' counsel's email in August 2009 which

expressly asks for the COBRA notice, the Court is concerned that the

allegations in the Amended Complaint intentionally omit facts which counsel

knows would be fatal to Plaintiffs' claims.  However, in the present posture of

the case, the Court does not believe that it can consider the email without

converting the motion to dismiss into one for summary judgment. Contrary to

Defendants' contention, this e-mail is not "central to the complaint" such that

the Court can consider it on a motion to dismiss. See Harris v. Ivax Corp., 182

F.3d 799, 802 n.2 (11th Cir. 1999) ("[A] document central to the complaint that

the defense appends to its motion to dismiss is also properly considered,

provided that its contents are not in dispute."). In fact, this email is not

mentioned anywhere within the Amended Complaint whether directly or

indirectly.

Accordingly, the parties are notified that the Court intends to convert the

Defendants' Motion to Dismiss the Amended Complaint [14] into a motion for

summary judgment. See FED. R. CIV. P. 12(d) ("If, on a motion under Rule

4

12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); <u>Trustmark Ins. Co. v. ESLU, Inc.</u>, 299 F.3d 1265, 1268 (11th Cir. 2002) ("The purpose of the rule is to notify the parties that the court may dispose of the case by summary judgment so that the nonmoving party will have an opportunity to marshal its resources . . . and rebut the motion for summary judgment with every factual and legal argument available") (internal quotations omitted). But, the Plaintiffs are again reminded of their Rule 11 obligations. Should the Court finds following summary judgment that Rule 11 has been violated, the Court will impose appropriate sanctions.

## Conclusion

Plaintiffs' claims are **ALLOWED TO PROCEED** *in forma pauperis*, and Defendants' initial Motion to Dismiss [13] is **MOOT** following the Plaintiffs' Amended Complaint. However, the Court will **CONVERT** Plaintiffs' Motion to Dismiss Plaintiffs' Amended Complaint [24] into a

5

AO 72A
(Rev.8/82)

Motion for Summary Judgment motion pursuant to Federal Rule of Civil

Procedure 12(d).

Defendants have twenty-one (21) days from the date of entry of this

Order to file a supplemental brief and evidence in support of this Motion.

Plaintiffs shall file their response within twenty-one (21) days of service of

Defendants' supplement, and Defendants shall file their reply within fourteen

(14) days of service of the response.

**SO ORDERED** this __23rd__ day of November, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6

AO 72A
(Rev.8/82)